FRANCIS OLMSTEAD HEWITT METCALF *v.*
ALBERT S. COOK, STATE SUPERINTENDENT
[No. 64, January Term, 1935.]

476

*Decided April 3rd, 1935.*

The cause was argued before BOND, C. J., URNER, OF-
FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON,
JJ.

*Laurie H. Riggs,* for the appellant.

*Herbert R. O'Conor, Attorney General,* and *Charles T.
LeViness, 3rd, Assistant Attorney General,* for the ap-
pellee.

BOND, C. J., delivered the opinion of the Court.

The question here is one of statutory construction,
raised by a demand of the appellant for a writ of man-
damus to compel the superintendent of schools to grant
him a certificate authorizing him to teach in a high school
of the State, notwithstanding a by-law of the State Board
of Education limiting the issue of such certificates to
those who have attained a higher rank in their own train-
ing. The appeal is from a denial of the writ upon an
agreed statement of the facts, supplemented by testi-
mony.

The Code, art. 77, secs. 87 and 88, provides generally
for the issue of teachers' certificates by the state superin-

tendent, and section 83 limits employment as a teacher to a person holding a certificate. Section 85, subsection 5, of the article provides that a high school teacher's certificate "may be granted to persons who are graduates of a standard college or university, or who have had the equivalent in scholastic preparation." Section 11 of the same article directs and empowers the state board of education to "determine the educational policies of the State," and "enact by-laws for the administration of the public school system, which when enacted and published shall have the force of law." And in pursuance of this authority the board, on September 19th, 1930, enacted a by-law that "only such graduates as rank academically in the upper four-fifths of the Class and who make a grade of 'C' or better in practical teaching, shall be issued Maryland Teachers' Certificates." The appellant ranked only in the lowest fifth of his class, and for that reason was denied the certificate which he now seeks through the courts. He contends that the passage of the by-law was not within the authority vested in the board by the statutes.

In 1927 he was awarded a scholarship to Western Maryland College, under the provision in article 77, section 243, which required that the winner of such a scholarship should give a bond to the State "that he will teach within this State for not less than two years after leaving college." And having complied and attended the college, the appellant considers himself assured a teaching position by that provision of the statute. But we are unable to see in the requirement of a bond anything more than a measure to assure the State that it may derive so much benefit in return for its grant to the student. It secures the benefit in case the State should want it. No assurance is given the student, and no obligation assumed by the State toward him.

The provision in section 85, subsection 5, that a high school teacher's certificate "may be granted," to persons of the specified experience, is construed by the appellant as the equivalent of "shall be granted," and therefore as prohibiting a choice among such persons by the board,

limiting eligibility to those in the upper four-fifths of the classes. With this construction, too, the court is in disagreement. There seems to the court to be no intention manifested other than that of setting a minimum requirement for the board's selection of teachers. That seems to be a reasonable construction, in accord with the evident plan of the whole statute that the board shall be depended upon largely to make the educational system work properly. Discretion in selection from eligibles, whose fitness must differ greatly, would seem to be a very likely intention. And if the discretion is given, as we think it is, then, when exercised, it acquires by the express terms of the statute the force of law, not to be interfered with by the courts. *Manger v. Board of Examiners,* 90 Md. 659, 45 A. 891; *Woods v. Simpson,* 146 Md. 547, 551, 126 A. 882.

It is suggested that enactment of a by-law for all cases is not an exercise of the discretion given, but an enactment of a new general rule qualifying the discretion. But the board retains full power to modify and adapt its by-law as it may see fit, and therefore this one amounts to no more than a resolution or announcement of policy by the board. And section 11 of article 77, as stated, provides that the board shall determine the educational policies of the State and enact by-laws for the administration of the system.

In the alternative, taking such a by-law to be within the authority given, the appellant argues that exercise of the authority retroactively could not be intended, so that after a student has started on his preparation a higher test than that with which he was faced at the start could be imposed. The by-law makes no change in courses of study and preparation; it concerns only the diligence and ability of the student in it; and the contention seems to be that the student had a right to take his work more easily. We see no vested rights in the standards of work which might restrict retroactive by-laws. Before the student is selected as a teacher he has no contract with the State, and no vested rights. He is only the recipient of

the State's bounty, with the State left unrestrained in adopting requirements it might find desirable at any time.

A further objection, that no notice was given the appellant of the adoption of this by-law, is subject to the same criticisms. There is no requirement of notice to individuals. Publication of the by-law is required by the statute, and it is not denied that there was publication; and in that the full measure of the statutory requirements was met. Upon publication the by-law acquired the force of law.

*Order affirmed, with costs.*